IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00294-RJC
(3:14-cr-00099-RJC-4)

| | |
|---|---|
| ANTHONY LAMAR ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and Respondent's Motion to Dismiss. (Doc. No. 6). For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.[1]

I. BACKGROUND

On September 30, 2014, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (Doc. No. 46). In Petitioner's presentence report (PSR), the probation officer calculated a base offense level of 22 because the conspiracy involved at least 80 grams but less than 100 grams of heroin pursuant to § 2D1.1(c)(9) of the U.S. Sentencing Guidelines Manual (USSG)(2014). After adjusting for acceptance of responsibility Petitioner's total offense level was 19 and with a criminal history category of IV, Petitioner faced a Guidelines range of

---

[1] Petitioner was provided with an opportunity to reply to the motion to dismiss, however he has failed to do so. (Doc. No. 7).

1

46-57 months' imprisonment. (Id., Doc. No. 79: PSR ¶ 77). On October 22, 2015, Petitioner was sentenced to a term of 51-months and he did not appeal.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In his lone contention in this collateral proceeding, Petitioner contends that he received ineffective assistance of counsel because his counsel did not argue that he should benefit from Amendment 782 to the Guidelines. (3:16-cv-294, Doc. No. 1: Motion to Vacate at 4).[2]

In determining Petitioner's sentence, the Court relied on the 2014 version of the Guidelines manual that incorporated Amendment 782 which lowered the base offense level from 24 to 22 for the possession of at least 80 grams of heroin but less than 100 grams. See Appendix C Supp. to 2014 Guidelines Manual at 76. Petitioner's base offense level was 22, and he was found responsible for at least 80 grams but less 100 grams of heroin, thus if he had not received the benefit of Amendment 782 he would have had a base offense level of 24, and with his

---

[2] The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

2

criminal history category of IV, he would have faced a Guidelines range of 77-96 months.

In sum, Petitioner's contention that his counsel was ineffective in failing to argue for what he clearly received is simply erroneous and his motion to vacate will be dismissed.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss is **GRANTED**. (Doc. No. 6).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate is **DENIED and DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: November 15, 2016

Robert J. Conrad, Jr.
United States District Judge